IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL TELLES,

        Plaintiff,

vs.                                                                  No. CIV 99-999 LCS

SMITH'S FOOD AND DRUG CENTERS, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Individual Defendants' Motion to Dismiss for Failure to State a Claim, filed on October 27, 1999. The Court, having considered the pleadings, the memoranda submitted by the parties and the applicable law, finds that the Motion is well-taken and it will be granted.

Plaintiff sued both both his employer and three of his supervisors on Title VII claims of racial harassment, racial discrimination and retaliation. He also sued the supervisors on a state common-law claim of *prima facie* tort. The supervisors have moved to dismiss all of the claims against them.

Plaintiff concedes that he cannot sue the supervisors in their individual capacities under Title VII. *See Haynes v. Williams,* 88 F.3d 898, 901 (10th Cir. 1996). However, he seeks leave to amend his complaint to sue them in their official capacities. As Defendant correctly points out, however, in order to sue Smith's, Plaintiff must either name it as a party defendant or sue the supervisory employees in their official capacities. *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993). Because he has sued Smith's as a party defendant, it is not necessary for him to

sue the supervisors in their official capacities. Accordingly, there is no reason for the Court to grant leave to Plaintiff to amend his Complaint in this way. Because the supervisors are not liable in their individual capacities and are not necessary defendants in their official capacities, the Motion will be granted as to Plaintiff's Title VII claims.

The supervisors next contend that Plaintiff's allegations do not make out a *prima facie* tort claim. They first correctly point out that a claim of conduct which is in violation of Title VII cannot constitute a claim for *prima facie* tort, citing *Silverman v. Progressive Broadcasting Inc.*, 964 P.2d 61, 71 (N.M. App. 1998). They argue in the alternative that, as an at-will employee, Plaintiff is limited to two causes of action: breach of an implied employment contract or retaliatory discharge in violation of public policy, citing *Hill v. Cray Research Inc.*, 864 F.Supp. 1070, 1078 (D.N.M. 1991). If the facts Plaintiff alleges establish the elements of a Title VII claim or either of the state law causes of action, then he is precluded from bringing a *prima-facie* tort claim. *Id.*

In the present case, Plaintiff's *prima facie* tort claim is based upon the allegation that his hours were cut in retaliation for whistle-blowing. Plaintiff's Response to the Individual Defendants' Motion and Memorandum to Dismiss at 5. This claim meets the elements of a Title VII claim and the elements of a retaliatory discharge in violation of public policy claim. Accordingly, under *Hill*, it cannot be the basis of a *prima facie* tort claim.[1]

---

[1] In addition, *Hill* holds that if the facts Plaintiff alleges do not establish either of these causes of action, then he would be precluded from recovering because a termination valid under the at-will doctrine cannot be the basis of a *prima-facie* tort claim.

IT IS THEREFORE ORDERED that the Individual Defendants' Motion to Dismiss for Failure to State a Claim (docket entry #6) is GRANTED.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE